1  DAVID J. GALLO *(California Bar No. 127722)*
   **LAW OFFICES OF DAVID J. GALLO**
2  12702 VIA CORTINA, SUITE 500
   DEL MAR, CALIFORNIA  92014
3  Telephone: (858) 509-3652

4  Attorneys for Plaintiff,
   DEBORAH RUSSELL
5

6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9

10  DEBORAH RUSSELL,                        Case Number:
        individually and on behalf of
        others similarly situated,
11                                          **3:22-cv-02813-JST**
            Plaintiff,
12
    v.
13
    WALMART, INC.,                          **FIRST AMENDED COMPLAINT FOR**
14      a Delaware corporation, and         **RESTITUTION;**
    DOES 1 through 50,                      **DEMAND FOR JURY TRIAL**
15
            Defendants.
16

17                                          **CLASS ACTION**

18

19

20

21

22

23

24

25

26

27

28                                               **3:22-cv-02813-TSH**
    **FIRST AMENDED COMPLAINT FOR RESTITUTION; JURY DEMAND –**
    **PAGE 1**

## JURISDICTION

1.      This Court has subject-matter jurisdiction over the claims for relief asserted herein pursuant to Title 28, U.S.C., Section 1332(d)(2)(B).

## VENUE

2.      Venue of this civil action is properly fixed in the Northern District of California, pursuant to Title 28, U.S.C.,Section 1391(b)(2); at least a substantial part, and likely all, of the wrongful conduct which is the subject of this civil action were planned, directed, and perpetrated within the Northern District of California.

## DIVISIONAL ASSIGNMENT

3.      Plaintiff is informed and believes, and on such basis avers, that all, or at least a substantial part, of the events and/or omissions giving rise to the claims asserted herein occurred within the County of Alameda, California.  (*Cf.:* Civil L.R. 3-2(c).)

## PARTIES

4.      Plaintiff, Deborah Russell **(hereinafter "Plaintiff"),** is an individual citizen of the State of California.

5.      Plaintiff is informed and believes, and thereupon avers, that Defendant, Walmart, Inc. **(hereinafter "Walmart"),** is a corporation organized and existing pursuant to the laws of the State of Delaware, whose principal place of business is unknown to Plaintiff.

## CLASS ALLEGATIONS

6.      The averments of fact which are contained within certain Paragraphs of this Complaint are made upon information and belief, which may be grounded in whole or in part upon matter discovered through investigation conducted by the

**3:22-cv-02813-TSH**
**FIRST AMENDED COMPLAINT FOR RESTITUTION; JURY DEMAND – PAGE 2**

1  undersigned counsel.

2      7.      Walmart operates the "Walmart" retail stores, of which there are many

3  situated within the State of California.

4      8.      At all times relevant hereto, and through and including the present time,

5  Walmart has employed many people in its California stores, and they perform different

6  job functions.

7      9.      One employee job function within a Walmart store is called "cashier"

8  (sometimes referred to as "checker").

9      10.     In earlier times, all the cashiers were regularly hired, their working hours

10 were recorded, and they were paid for their work.

11     11.     At all times relevant, the cashier function has been usually and

12 customarily performed by regularly-employed, paid cashiers; *a fortiori,* cashier

13 services are services of a character usually charged for.

14     12.     Thereafter, Walmart conceived the idea that, if some of

15 Walmart's customers were to perform (without compensation) work which had

16 theretofore been performed exclusively by Walmart's regularly-employed, paid

17 cashiers, Walmart could reduce its payroll costs.

18     13.     Walmart then installed customer-operated checkout stands in many of its

19 California stores.

20     14.     Walmart's customers perform this cashier work alongside Walmart's paid

21 cashiers; when one looks down a row of checkout stands, one can see paid employees

22 and customers doing the same work, in the same way, and at the same time.

23     15.     The cashier function, whether performed by a regularly-employed, paid

24 cashier, or by a Class Member, is a function that serves only the interests of

25 Defendant; the cashier function facilitates calculation of the amount Defendant

26 proposes to charge Class Members for items they have selected to buy; the cashier

27

28
                                                    **3:22-cv-02813-TSH**

**FIRST AMENDED COMPLAINT FOR RESTITUTION; JURY DEMAND –
PAGE 3**

1  function enters data into Defendant's computerized inventory reports; the cashier

2  function enters data into Defendant's computerized merchandise-ordering system; and

3  the cashier function collects payments for Defendant as demanded by Defendant.

4        16.    The cashier function, whether performed by a regularly-employed, paid

5  cashier, or by a Class Member, is a requirement imposed by Defendant; Defendant

6  prescribes the equipment used to perform the cashier function; Defendant does not

7  permit Class Members to bypass the checkout process entirely.

8        17.    While Class Members have a choice whether the cashier function is

9  performed by a regularly-employed, paid cashier, or by the Class Members' own labor,

10  Class Members have no choice whether to undergo the cashier function.

11        18.    The cashier function is distinct from other functions, such as bagging.

12  Unlike the cashier function, bagging is not required by Defendant; bagging serves only

13  the interests of the purchaser; and the purchaser is free to use their own equipment

14  (*i.e.,* bags), or to bypass bagging entirely.

15        19.    The cashier work performed by Walmart's customers is substantially

16  identical to the cashier work performed by Walmart's paid cashiers; this substantially

17  identical work includes (but may not be limited to) lifting and physical manipulation

18  of items of Walmart's inventory held for retail sale in order to present bar codes

19  thereon to Walmart's laser scanner, for the purpose of facilitating calculation by

20  Walmart's computerized point-of-sale system of the amount Walmart proposes to

21  charge the customer for the items the customer has previously selected.

22        20.    The items of Defendant's inventory which Class Members lift and

23  physically manipulate while performing the cashier function are Defendant's property,

24  and do not become the property of a Class Member until the cashier function has been

25  completed and payment has been made and accepted.

26        21.    The uncompensated work performed by Class Members who use

27

28

**3:22-cv-02813-TSH**

**FIRST AMENDED COMPLAINT FOR RESTITUTION; JURY DEMAND –
PAGE 4**

1  Defendant's customer-operated checkout stands confers direct benefits upon

2  Defendant, which include but may not be limited to: (a) savings of labor costs

3  achieved by substituting uncompensated work performed by Class Members for

4  compensated work performed by regularly-employed, paid cashiers; (b) Class

5  Members effect data entry into Defendant's computerized inventory system, which

6  enables Defendant to know how many units of each SKU (*i.e.,* stock-keeping unit) it

7  should have in stock; and (c) Class Members effect data entry into Defendant's

8  computerized ordering system, to assist Defendant in ordering stock from its own

9  distribution centers, and from outside suppliers whose merchandise is delivered

10  directly to Defendant's stores.

11      22.    Plaintiff shops at one or more of Walmart's stores, and, within the time

12  period relevant to this action, has often performed cashier work without compensation

13  while operating Walmart's customer-operated checkout stands.

14      23.    Defendant derives substantial economic benefit in the form of lower

15  payroll costs by utilizing the uncompensated work performed by their customers who

16  operate their customer-operated checkout stands.

17      24.    Defendant invites, encourages, and requests its customers to perform

18  cashier work without compensation, in order to reduce Defendant's payroll costs.

19      25.    Because Walmart invites, encourages, and requests its customers to

20  perform cashier work without compensation, Walmart has been able to, and does,

21  employ fewer regularly-employed cashiers; this, in turn, contributes to a higher

22  unemployment rate than would otherwise exist in California, exerts downward

23  pressure on prevailing wage rates in the retail sector, increases state welfare costs

24  resulting from that higher unemployment, and promotes the sociological harms that

25  flow from lack of employment opportunities.

26      26.    In July of 2021, retail industry publication *PYMNTS* reported that, "...

27

28

**3:22-cv-02813-TSH**

**FIRST AMENDED COMPLAINT FOR RESTITUTION; JURY DEMAND –
PAGE 5**

1  self-checkout is on the rise ... [and] [g]rocery jobs are down."[1]

2      27.    The same article reports:

3  "To use the labor that they do have more efficiently, many grocers are

4      having attendants go 'fishing,' which means, ... 'your self-checkout

5      attendant, encouraging shoppers to come use the self-service and helping

6      where necessary'."

7      28.    In recent months, Defendant has scheduled fewer regularly-employed

8  cashier labor hours, with the intention that Class Members will be induced to perform

9  uncompensated cashier work to avoid Defendant's longer and longer checkout lines.

10      29.    Plaintiff anticipates that evidence obtained on discovery will confirm that

11  Walmart trains its paid employees to steer its customers toward its customer-operated

12  checkout stands so that Walmart will derive even more unpaid cashier work from its

13  customers.

14      30.    Defendant has in its actual or constructive possession point-of-sale

15  system transactional records from which can be ascertained the identities the

16  customers who have operated Defendant's customer-operated checkout stands; these

17  identifiable customers include, but may not be limited to, those who have paid for their

18  purchases by debit or credit card.

19      31.    Plaintiff brings this action on behalf of herself, and on behalf of all others

20  similarly situated, as a class action pursuant to Rule 23, Fed.R.Civ.P.  The class which

21  Plaintiff seeks to represent are composed of and defined as follows:

22      **Proposed Class Definition:**

23      All persons who have operated a customer-operated checkout stand at

24      any Walmart store within the State of California at any time within the

25

26      [1]    https://www.pymnts.com/news/retail/2021/the-third-wave-of-self-ser

27  ve-checkout-turns-grocery-stores-into-omnichannel-hubs/

28      **3:22-cv-02813-TSH**
**FIRST AMENDED COMPLAINT FOR RESTITUTION; JURY DEMAND –
PAGE 6**

1  applicable limitations period, limited to those whose identities are

2  ascertainable (whether from point-of-sale system transactional records of

3  debit or credit card payments, or by some other reasonably-available

4  means).

5      32.    This action has been brought and may properly be maintained as a class

6  action pursuant to Rule 23, Fed.R.Civ.P., because there is a well-defined community

7  of interest in the litigation and the proposed class is ascertainable.

8      33.    Plaintiff is unaware of any difficulties that are likely to be encountered

9  in the management of this action that would preclude its maintenance as a class action.

10

11  

**CLAIM FOR RELIEF**
**(for restitution under theory of quasi-contract and/or unjust enrichment)**
**(Civil Code section 22.2)**

12  **(by Plaintiff and the Plaintiff Class, against Defendant, Walmart)**

13      34.    The averments contained in paragraphs 1 through 33 hereof are

14  incorporated herein by reference.

15      35.    Plaintiff and the members of the Plaintiff Class have conferred benefit

16  upon Defendant, and have done so by providing their own labor as a substitute for

17  labor which traditionally has been provided by, and which otherwise would have been

18  provided by, Defendant's regularly-employed, paid cashiers; the benefit conferred

19  upon Defendant includes substantial monetary benefit.

20      36.    Defendant knowingly accepted the benefits conferred by Plaintiff and the

21  members of the Plaintiff Class, and did so as part of Defendant's plan to reduce

22  Defendant's own labor costs at the expense of:

23      a.    Plaintiff and the members of the Plaintiff Class (from whom Defendant

24          has obtained uncompensated labor);

25      b.    Defendant's current regularly-employed, paid cashiers (whose scheduled

26          hours are reduced); and

27

28

c.   members of the public who would otherwise have employment opportunities in retail (which are often entry-level positions which allow Californians to develop skills which will benefit them for their entire working lives).

37.   According to news media reports, Plaintiff and the members of the Plaintiff Class are at risk of criminal prosecution if they make an honest mistake while operating a customer-operated checkout stand ("Group 2"), and even if they don't make any mistake at all and operate the customer-operated checkout stand *perfectly* ("Group 3"):

https://www.dailymail.co.uk/video/dailymailtv/video-2742579/Why-a void-using-self-checkouts.html

38.   Walmart neither informs, nor warns, Plaintiff and the members of the Plaintiff Class that they are at risk of being falsely accused of a crime when they operate Walmart's customer-operated checkout stands, which would impose expense and emotional distress from having to defend against a false allegation of wrongdoing.

39.   It would be inequitable for Defendant to retain the benefit conferred by Plaintiff and the members of the Plaintiff Class without paying for its value, for reasons which include, but may not be limited to:

a.   Defendant has invited, encouraged, and requested Plaintiff and the members of the Plaintiff Class to perform uncompensated labor through the above-described practice of "fishing"; and

b.   Defendant has scheduled fewer regularly-employed cashier labor hours, with the intention that Class Members will be induced to perform uncompensated cashier work to avoid Defendant's longer and longer checkout lines.

40.   The facts set forth hereinabove establish that Plaintiff and the members

1  of the Plaintiff Class are entitled to judgment over and against Defendant, Walmart,

2  awarding compensation, reimbursement, indemnification, and/or reparation for the

3  benefits Defendant has derived from labor performed by Plaintiff and the members of

4  the Plaintiff Class.

5      WHEREFORE, Plaintiff and the Plaintiff Class request relief as set forth

6  hereinbelow.

7

## PRAYER FOR RELIEF

8      WHEREFORE, Plaintiff and the Plaintiff Class request judgment over and

9  against Defendant, Walmart, awarding restitution under the theory of quasi-contract

10  and/or unjust enrichment, and/or such other legal theory as the Court may find

11  applicable to the facts proved at trial, in relation to benefits conferred as described

12  hereinabove, and such other relief, at law or in equity, to which this Court finds

13  Plaintiff and the Plaintiff Class justly entitled.

14

15  Dated: 17 February 2023                    Respectfully submitted,

16                                             DAVID J. GALLO
                                               **LAW OFFICES OF DAVID J. GALLO**
17                                             12702 VIA CORTINA, SUITE 500
                                               DEL MAR, CALIFORNIA  92014-3769
18                                             Telephone: (858) 509-3652

19
                                                    /s/ David J. Gallo
20                                             By:  David J. Gallo,
                                                    California Bar No. 127722
21                                                  Attorneys for all Plaintiff, DEBORAH
                                                    RUSSELL
22

23

24

25

26
    [3 RW - COMPLAINT (FAC) filed 17FEB23.wpd]
27

28                                                          **3:22-cv-02813-TSH**
**FIRST AMENDED COMPLAINT FOR RESTITUTION; JURY DEMAND –
PAGE 9**

1

## JURY DEMAND

2

Plaintiff, individually and on behalf of others similarly situated, hereby demands

3 trial by jury of all issues triable by a jury, pursuant to applicable law, including, but

4 not necessarily limited to the Seventh Amendment to the United States Constitution.

5

Dated: 17 February 2023          Respectfully submitted,

6

DAVID J. GALLO

7 **LAW OFFICES OF DAVID J. GALLO**
12702 VIA CORTINA, SUITE 500

8 DEL MAR, CALIFORNIA 92014-3769
Telephone: (858) 509-3652

9

10
          /s/ David J. Gallo

11 By:   David J. Gallo,
          California Bar No. 127722

12        Attorneys for all Plaintiff, DEBORAH
          RUSSELL

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[3 RW - COMPLAINT (FAC) filed 17FEB23.wpd]

27

28

**3:22-cv-02813-TSH**

**FIRST AMENDED COMPLAINT FOR RESTITUTION; JURY DEMAND – PAGE 10**