UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH RUSSELL,<br><br>             Plaintiff,<br><br>    v.<br><br>WALMART, INC.,<br><br>             Defendant. | Case No. 22-cv-02813-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 32 |

Before the Court is Defendant Walmart, Inc.'s motion to dismiss. ECF No. 32. The Court will grant the motion.

## I.   BACKGROUND

For the purposes of the present motion, the Court accepts as true the following facts in the amended complaint. Walmart is a large retailer that operates many stores in California. *Id.* ¶ 7. To pay for the items they wish to purchase, Walmart's customers may choose between using customer-operated self-checkout or having a Walmart-employed cashier check out their items. *Id.* ¶¶ 13, 17. Plaintiff Deborah Russell shops at one or more Walmart stores and has performed many of the same tasks as a Walmart cashier, without compensation, by using self-checkout. ECF No. 31 ¶ 22. Walmart invites, encourages, and requests customers to use self-checkout instead of checkout lanes operated by Walmart-employed cashiers. *Id.* ¶¶ 25-27. As a result, Walmart now employs fewer cashiers, which in turn further induces customers to use self-checkout to avoid longer checkout lines. *Id.* ¶ 28. In using self-checkout, customers perform what Russell argues amounts to "uncompensated work" from which Walmart benefits by lowering its own payroll costs. *Id.* ¶ 23. Media reports suggest that the use of self-checkout could potentially expose customers to a risk of criminal prosecution. *Id.* ¶ 37. Walmart does not warn customers of this

1  risk. *Id.* ¶ 38.

2      Russell filed suit on behalf of a putative class, alleging that Walmart owed her unpaid

3  wages for the time she had spent at self-checkout. ECF No. 1-1. The Court dismissed Russell's

4  initial complaint with leave to amend, concluding that Russell's "efforts in using Walmart's self-

5  checkout apparatus did not constitute 'work'" under California law. ECF No. 30 at 4-5.

6      Russell filed an amended complaint asserting a single claim "for restitution under theory of

7  quasi-contract and/or unjust enrichment" and alleging that customers who choose self-checkout

8  confer a benefit that would be inequitable for Walmart to retain. ECF No. 31 ¶¶ 34-39. Walmart

9  now moves to dismiss the amended complaint. ECF No. 32.

## II. JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).

## III. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. DISCUSSION

Walmart relies on outdated caselaw to argue that unjust enrichment is not a cause of action under California law. More recent authority, however, confirms that both the Ninth Circuit and the California Supreme Court construe California law to permit a cause of action for unjust enrichment. *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038-39 (9th Cir. 2016) (holding

2

that plaintiff sufficiently pleaded unjust enrichment "as an independent cause of action or as a quasi-contract claim for restitution"); *Hartford Casualty Ins. Co. v. J.R. Marketing, L.L.C.*, 61 Cal. 4th 988, 1000 (2015) (holding that none of the "numerous objections to the proposition that a direct action . . . for unjust enrichment can lie . . . compels the conclusion that such a claim is absolutely foreclosed").

In the alternative, Walmart argues that Russell fails to sufficiently plead the elements of an unjust enrichment claim. "To allege unjust enrichment as an independent cause of action, a plaintiff must show that a defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG*, 828 F.3d at 1038. Russell alleges that customers confer a benefit on Walmart when providing uncompensated labor as a substitute for the work of regularly employed Walmart cashiers. ECF No. 31 ¶ 35.

Russell's allegation is insufficient. "Restitution is not mandated merely because one person has realized a gain at another's expense,"; "[r]ather, the obligation arises when the enrichment obtained lacks any adequate legal basis and thus 'cannot conscientiously be retained.'" *Hartford*, 61 Cal. 4th at 998 (quoting Restatement (Third) of Restitution & Unjust Enrichment § 1 cmt. b (Am. L. Inst. 2011)). Thus, restitution generally requires "that a defendant has been *unjustly* conferred a benefit 'through mistake, fraud, coercion, or request.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (emphasis added) (quoting 55 Cal. Jur. 3d Restitution § 2 (2015)). In other words, it is not enough that Russell have provided Walmart with a beneficial service; Russell must also allege that Walmart unjustly secured that benefit through qualifying conduct. Absent qualifying mistake, fraud, coercion, or request by Walmart, there is no injustice. *Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*, No. 20-cv-08686-WHO, 2021 WL 4133869, at *10 (N.D. Cal. Sept. 10, 2021) ("Under California law, '[i]t must ordinarily appear that the benefits were conferred by mistake, fraud, coercion or request; otherwise, though there is enrichment, it is not unjust.'" (quoting *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal. App. 3d 1415, 1422 (1988)).

Russell fails to adequately allege that Walmart has engaged in qualifying conduct sufficient to render its retention of any benefit unjust. Russell alleges that Walmart "has invited,

3

encouraged, and requested" customers' use of self-checkout stands through "fishing." ECF No. 31 ¶ 39. Russell quotes a retail industry publication that defines fishing as the practice of assigning employees as self-checkout attendants who "encourag[e] shoppers to come use the self-service and help[] where necessary." *Id.* ¶ 27. Russell does not allege that she ever encountered fishing at any Walmart, or that such fishing induced her use of self-checkout. Moreover, even if she had made such an allegation, such "encourag[ement]" does not constitute a request of the sort that can provide a basis for unjust enrichment. *See Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310, 1316 (1989) (interpreting "request," for the purposes of unjust enrichment, to mean a "*direct* request" (emphasis added)).[1] Russell does not allege that any Walmart employee directly requested that she or anyone else use the self-checkout stand in lieu of having their items checked out by an employee. In fact, Russell expressly alleges that customers "have a choice" between the two. ECF No. 31 ¶ 17.

Russell also argues that Walmart's failure to warn customers that self-checkout could expose them to criminal liability constitutes a "material nondisclosure" sufficient to render Walmart's retention of any benefit unjust.[2] ECF No. 34 at 16. But Russell cites no authority to suggest that nondisclosure of such a possibility can support a cause of action for unjust

---

[1] Russell argues that "[a] request to perform services[] '[] can be either express or implied.'" ECF No. 34 at 12 (quoting *Pierson v. Helmerich & Payne International Drilling Co.*, 4 Cal. App. 5th 608, 633 (2016)). The quoted text, read in context, summarizes the plaintiff's contentions regarding the applicability of the special errand exception to the general rule that an employee does not act within the scope of employment while traveling to and from work. *Pierson*, 4 Cal. App. 5th at 633 ("Pierson supports this contention with the following three principles. . . . Second, the employer's request that triggers the special errand exception *can be either express or implied*." (emphasis added)). The relevance of this authority is lost to the Court.

[2] Alternatively, Russell alleges that it is sufficient that Walmart acquiesced to customers' use of self-checkout, citing *Producers Cotton Oil Co. v. Amstar Corp.*, 197 Cal. App. 3d 638, 659 (1988). *Producers* concerned the application of principles of unjust enrichment to Article 9 of the Uniform Commercial Code, which governs secured transactions. The court held that principles of unjust enrichment permitted an unsecured creditor who mistakenly paid harvesting costs before obtaining the secured creditor's subordination to recover such costs from a secured creditor who "had knowledge of and acquiesce[d]" to the expenses, "which [we]re necessary to the development of the crop" of their shared debtor. *Producers*, 197 Cal. App. 3d at 660 (emphasis omitted). Russell cites no authority that suggests acquiescence would be conduct sufficient to provide a basis for an unjust enrichment claim outside of the context of transactions involving a shared debtor.

enrichment;[3] fails to plausibly allege that any nondisclosure was material; and fails to plausibly allege causation, i.e., that Walmart was conferred any benefit *through* such nondisclosure.

Absent binding or persuasive authority in support, the Court declines to accept such attenuated inferences of qualifying conduct as a sufficient basis for an unjust enrichment claim.[4] The Court therefore dismisses the complaint and, because further amendment of this claim would be futile, the Court denies leave to amend.  *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("[T]he 'general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility.'" (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998))).

## CONCLUSION

For the foregoing reasons, Walmart's motion to dismiss is granted in full.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  July 5, 2023



JON S. TIGAR
United States District Judge

---

[3] Russell cites only *Astiana*, 783 F.3d at 762, in which the Ninth Circuit found allegations that the defendant had "'entic[ed]' plaintiffs to purchase their [cosmetic] products through 'false and misleading' labeling" sufficient to state a claim for unjust enrichment.  *Astiana* concerned a benefit secured through fraudulent labeling, which is not at issue here.

[4] As Walmart notes, at least two state courts have rejected similar unjust enrichment claims.  The Court takes judicial notice of the existence and nature of the state court orders filed at ECF Nos. 33-1 and 33-2.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[Courts] may take judicial notice of court filings and other matters of public record.").